UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Alick Kevin McIver,

    Plaintiff,

Case No. 13-14103

Honorable Nancy G. Edmunds

v.

Commissioner of Social Security,

    Defendant.
                                       /

## OPINION AND ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [15]

This matter comes before the Court on the Magistrate Judge's December 31, 2014 Report and Recommendation. The Magistrate Judge recommended that Defendant's motion for summary judgment be denied and that Plaintiff's motion for summary judgment be granted to the extent that it seeks remand. Defendant timely filed objections on January 13, 2015. (Dkt. 16). Being fully advised in the premises, having read the record and the pleadings, and for the reasons stated below, the Court ACCEPTS AND ADOPTS the Magistrate Judge's Report and Recommendation.

The Magistrate Judge determined that the ALJ's finding that Plaintiff was capable of returning to his past relevant work at step four of the disability determination was in error. (Report and Recommendation at 15-19.)[1] Plaintiff's past relevant work was as a press

---

[1] The Court notes that the Magistrate Judge made an independent review of the record in reaching the conclusion that this case should be remanded for further proceedings because of Plaintiff's oft-criticized lawyer's "failure to develop cogent arguments" in his motion for summary judgement. (Report and Recommendation at 14.) *See Fielder v. Comm'r of Soc. Sec.*, No. 13-10325, 2014 WL 1207865, at *1 n.1 (E.D. Mich. Mar. 24, 2014)(Rosen, J.)("As noted in Defendant's response to Plaintiff's objections, this reliance on conclusory assertions and absence of developed legal argument has become the calling

operator. The Vocational Expert determined that under the Dictionary of Occupational Titles (DOT), press operator qualifies as "skilled" work. (*Id.* at 16; Tr. 301.) The Magistrate Judge found that the record was "wholly unsupportive of the conclusion that Plaintiff could perform skilled work." (Report and Recommendation at 16.) He noted that the ALJ limited Plaintiff's residual functional capacity to "simple, routine, repetitive tasks." (Tr. 27.) This was inconsistent with a finding that Plaintiff could perform skilled work, and the testimony of the Vocational Expert that he could perform such work directly conflicted with the DOT. The Magistrate Judge then found that the ALJ did not inquire about this conflict as required by SSR 00-4p. 2000 WL 1898704. The Magistrate Judge determined that the failure to comply with SSR 00-4p was not harmless error and recommended remanding the case for further fact-finding. (Report and Recommendation at 19.)

Defendant does not contest that the ALJ committed error in determining that Plaintiff could return to his past relevant work or in failing to inquire whether the Vocational Expert's testimony was consistent the DOT. Instead, Defendant argues that any error the ALJ committed was harmless because the Vocational Expert identified a significant number of unskilled jobs that Plaintiff could perform if limited to "simple routine, repetitive tasks." Essentially, Defendant argues that even if the ALJ had determined that Plaintiff could *not* return to his past relevant work under step four, he would have undoubtably found that

---

card of Plaintiff's counsel in a number of recent Social Security cases, and nearly every Magistrate Judge has expressed this concern with the work product of Plaintiff's counsel."). In its objections, Defendant argues that Plaintiff waived any issues not raised in motion for summary objection. *See Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th. Cir. 2003). The Court disagrees. Although the Magistrate Judge was not required to independently review the record, the Court will not treat his decision to do so in the interests of justice as grounds for rejecting his recommendation.

there were sufficient jobs in the national economy under step 5. The result, therefore, would have been the same and the error harmless.

The Court disagrees. The ALJ erred at step four by not questioning the Vocational Expert as to the inconsistency between his testimony and the DOT. SSR 00-4p, 2000 WL 1898704, at *2 ("When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled."). This error was not harmless. *See Teverbaugh v. Comm'r of Soc. Sec.*, 258 F. Supp. 2d 702, 705-706 (E.D. Mich. 2003). Defendant's argument that the ALJ's step 4 error was harmless because the VE identified a significant number of other jobs that the ALJ could have relied on under step 5 is not persuasive. The ALJ stopped at step 4. He never made a step 5 determination. It is not for the Court to make that determination in place of the ALJ. The Court agrees with the Magistrate Judge that remand for further clarification and fact-finding is necessary.

Accordingly, the Court ACCEPTS AND ADOPTS the Magistrate Judge's Report and Recommendation. Defendant's motion for summary judgment [14] is DENIED, Plaintiff's motion for summary judgment [8] is GRANTED IN PART to the extent it seeks remand and DENIED IN PART to the extent it seeks an award of benefits, and, pursuant to sentence four of 42 U.S.C. § 405(g), the case is REMANDED to the ALJ for further proceedings consistent with the Magistrate Judge's Report and Recommendation.

SO ORDERED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: February 11, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 11, 2015, by electronic and/or ordinary mail.

        s/Carol J. Bethel
        Case Manager